ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2007 SEP 20 A 8 47
CLERK
SO. DIST. OF GA.

| | | |
|---|---|---|
| SMITH HILLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 307-039 |
| | ) | |
| DR. MARY ALSTON, Johnson State | ) | |
| Prison, and STAN SHEPARD, Deputy | ) | |
| Warden of Care and Treatment, Johnson | ) | |
| State Prison, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Johnson State Prison in Wrightsville, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). Because Plaintiff's complaint was filed IFP, it must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) *(per curiam)*, but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[1]

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay the initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full filing fee.

# I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names the following Defendants: (1) Mary Alston, Physician, Johnson State Prison ("JSP"); and (2) Stan Shepard, Deputy Warden of Care and Treatment, JSP. (Doc. no. 1, pp. 1 & 4).

Plaintiff alleges that, on January 3, 2006, he arrived at JSP, where he was examined by a physician's assistant, who refused to renew his "soft-shoe" and "long-standing" medical profiles. (Id. at 5). According to Plaintiff, this physician's assistant also failed to provide him with Benadryl for his allergies because other inmates were abusing the drug. (Id.). Thereafter, Plaintiff maintains that he was examined by Defendant Alston, who also refused to renew his medical profiles or prescribe Benadryl. (Id.).

Plaintiff alleges that he then had a conversation with Defendant Shepard concerning Defendant Alston's refusal to act. (Id.). According to Plaintiff, Defendant Shepard refused to over-ride Defendant Alston's medical decisions. (Id.). Although Plaintiff maintains that he submitted a grievance, and then filed an appeal, concerning the alleged denial of medical treatment over a year ago, he contends that no action has been taken and that no resolution of his issues has been reached. (Id.). Plaintiff submits that he needs the medical profiles because he has had surgery on his left knee, he has bone spurs in his feet, as well as back and neck injuries, which are all described in his medical record. (Id.).

As relief, Plaintiff seeks an order directing Defendants to renew all of his medical profiles. (Id. at 6). Furthermore, Plaintiff requests $900,000 in compensatory damages for injuries, pain, and suffering. (Id.).

## II. SCREENING OF COMPLAINT

A.   **Grievance Claim**

To the extent Plaintiff may be alleging that Defendant Shepard should be held liable for failing to properly handle his grievance, such a claim is without merit.[2] "Procedural requirements alone do not create a substantive liberty interest, and mere violation of such procedures is not a constitutional violation." Rienholtz v. Campbell, 64 F. Supp.2d 721, 731 (W.D. Tenn. 1999), *aff'd*, 198 F.3d 247 (6th Cir. 1999) (Table); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate."); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); Ouzts v. Cummins, 825 F.2d 1276, 1278 (8th Cir. 1987) (failure to respond to grievance does not constitute a due process violation); Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) (failure to process plaintiff's grievances is not actionable under § 1983).

The Eleventh Circuit's decision in Wildberger v. Bracknell, 869 F.2d 1467 (11th Cir. 1989) (*per curiam*) is instructive on this point. In that case, the plaintiff alleged numerous claims, including a violation of "the grievance procedures established by the State Department of Corrections." Id. at 1467. Addressing the plaintiff's claims, the magistrate judge determined that the "violation of the grievance procedure did not rise to the level of

---

[2] Although Plaintiff does not specifically allege that Defendant Shepard is responsible for processing grievances at JSP, in an abundance of caution, the Court will address this potential claim.

3

a constitutional violation, since there was no entitlement to a grievance procedure under the Federal Constitution." Id. In the end, the magistrate judge determined that none of the plaintiff's claims had merit. Id. at 1468. Although the Eleventh Circuit found error with the trial court's analysis of one of the plaintiff's retaliation claims, it found no error with the trial court's adoption of the magistrate judge's recommendation regarding the plaintiff's grievance claim. Id.

In this case, Plaintiff contends that he filed a formal grievance and an appeal concerning Defendant Alston's alleged failure to provide medical treatment, but a year has passed without action or resolution of the issues raised by that grievance. However, alleged misdeeds regarding grievance procedures do not give rise to stand-alone claims under § 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (*per curiam*). "There is no right to a particular type of process in the handling of prison grievances. . . . [F]ederal courts simply do not sit as the ultimate appellate tribunal for prison grievance procedures." Rienholtz, 64 F. Supp.2d at 731. Therefore, Plaintiff's grievance claim fails as a matter of law.

**B.** *Respondeat Superior* **Claim**

To the extent Plaintiff blames Defendant Shepard for the actions of Defendant Alston, such an allegation also fails to state a claim upon which relief can be granted. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold a

supervisory official or an employer liable, Plaintiff must demonstrate that either (1) the supervisor/employer actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor/employer and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff has not alleged that Defendant Shepard was personally involved with Plaintiff's medical treatment, the decision not to renew Plaintiff's medical profiles, or the refusal to prescribe Benadryl for Plaintiff.[3]

Similarly, Plaintiff fails to allege a "causal connection" between Defendant Shepard and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[4] puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman,

---

[3] On this point, the Court notes that "[s]upervisory officials must rely on their subordinate professionals to make competent medical decisions. As long as supervisory officials have no reason to believe that their subordinates are failing to carry out their duties in a competent manner, they should not be held liable for medical decisions over which they have no direct control." Waldrop v. Evans, 681 F.Supp. 840, 851 (M.D. Ga. 1988). In this case, Plaintiff merely alleges that Defendant Shepard refused to over-ride Defendant Alston's treatment decisions concerning Plaintiff. (Id.).

[4] The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

5

940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

In this case, Plaintiff has not alleged the necessary causal connection with respect to Defendant Shepard to hold him liable for Defendant Alston's alleged constitutional violation. Plaintiff has proffered no facts suggesting that Defendant Shepard was responsible for a custom or policy which resulted in deliberate indifference to Plaintiff's medical needs. Although Plaintiff contends that Defendant Shepard refused to over-ride Defendant Alston's medical decisions, Plaintiff has not alleged that Defendant Shepard knew about any widespread abuse concerning the issuance of medical profiles or refusal to prescribe allegedly necessary medicine. On this point, one conversation concerning an alleged failure to provide medical treatment does not satisfy the burden of putting a supervisor on notice of a widespread problem. Cf. Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that Commissioner of the Department of Corrections could be held liable for damages from any constitutional violation at a facility within his jurisdiction based on receipt of a letter describing allegedly improper prison conditions). As such, Plaintiff has also failed to demonstrate that there was a causal connection between Defendant Shepard's actions and Defendant Alston's alleged constitutional violation.

In sum, Plaintiff has failed to state a claim against Defendant Shepard based on his position as Deputy Warden of Treatment and Care of JSP. As this is the only remaining potential claim against Defendant Shepard, he should be **DISMISSED** from the case.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's grievance and *respondeat superior* claims be **DISMISSED** and that Defendant Shepard be **DISMISSED** from this case.[5]

SO REPORTED and RECOMMENDED this 20th day of September, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[5] In a simultaneously filed Order, the Court has directed that service of process be effected on Defendant Alston for Plaintiff's deliberate indifference claim, as it relates to the alleged denial of medical treatment at JSP.

7