IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| SMITH HILLMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 307-039 |
| | ) |
| DR. MARY ALSTON, Johnson State Prison, | ) |
| | ) |
| Defendant. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Smith Hillman, an inmate incarcerated at Johnson State Prison ("JSP") located in Wrightsville, Georgia when this action commenced, filed the above-captioned complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis*. The matter is now before the Court on Defendant's motion for summary judgment. (Doc. no. 13). The time to respond has expired, yet Plaintiff has not filed a response to the motion; therefore, under Loc. R. 7.5, the motion is deemed unopposed.[1] For the reasons set

---

[1] On February 6, 2008, the Clerk of the Court provided Plaintiff with notice of Defendant's motion for summary judgment, apprised him of his right to file affidavits or other materials in opposition, and informed him of the consequences of failing to respond. (Doc. no. 15). Moreover, after noting that Plaintiff had not responded to Defendant's motion for summary judgment, the Court entered an order instructing him about the effect of failing to respond and giving him additional time to prepare a response. (Doc. no. 19, pp. 3-5). Accordingly, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (*per curiam*), are satisfied. Of course, the Court acknowledges that the mere fact that the instant motion is unopposed does not entitle the Court to grant the motion without considering the merits. United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Florida, 363 F.3d 1099, 1101 (11th Cir. 2004) ("[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion.").

forth below, the Court **REPORTS** and **RECOMMENDS** that Defendant's motion for summary judgment be **GRANTED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Defendant.

## I. STATEMENT OF FACTS

**A.     Plaintiff's Version**[2]

Plaintiff avers that, on January 3, 2006, he arrived at JSP, where he was examined by an unnamed physician's assistant, who refused to renew his "soft-shoe" or "long-standing" "medical profiles" or to provide him with Benadryl for his allergies. (Doc. no. 1, p. 5). Plaintiff contends that he was subsequently examined by Defendant Alston, who also refused to renew these "medical profiles" or provide Benadryl. (Id.). Plaintiff maintains that, because he had surgery on his left knee, has bone spurs in his feet, and suffers from other prior injuries, he needs these "medical profiles." (Id.). Notably, Plaintiff has provided the Court with no verifying medical evidence in support of his conclusory allegations concerning his physical condition or the need for these "medical profiles."

**B.     Defendant's Version**

At all times relevant to this case, Defendant was employed as the "Medical Director" at JSP, where she provided medical care to inmates, managed clinical services, as well as supervised other physicians and clinical associates. (Doc. no. 13, Alston Aff., ¶¶ 3-4). Defendant avers that, upon arrival at JSP on January 5, 2006, Plaintiff's medical chart indicated, *inter alia*, that Plaintiff had "medical profiles for soft shoes, low bunk, a cane, no

---

[2]The above-captioned complaint is sworn and describes facts based upon Plaintiff's personal knowledge. (Doc. no. 1). As the verified complaint meets the requirements of 28 U.S.C. § 1746 and Fed. R. Civ. P. 56(e), it is sufficient to create an issue of material fact in response to Defendant's motion for summary judgment. See U.S. v. Four Parcels of Real Property, 941 F.2d 1428, 1444 (11th Cir. 1991) (*en banc*).

sports, and no prolonged standings."³ (Id. ¶¶ 7 & 10; id., Ex. B, p. 5). Defendant contends that Plaintiff's medical chart did not indicate that Plaintiff had any allergies. (Id., Alston Aff., ¶ 7). Nevertheless, Defendant maintains that, because Plaintiff complained of "sinus problems" following his arrival at JSP, he was treated with Decadron Nasal Spray, Saline Nasal Spray, and Tussin Cough Syrup. (Id. ¶ 8). Defendant also submits that, although Benadryl was prescribed by the previous facility's physician, she recommended, in accordance with her medical diagnosis, another antihistamine. (Id. ¶ 9).

Defendant further avers and Plaintiff's medical records confirm that, although Plaintiff underwent arthroscopic knee surgery in December 2004, he was able to walk easily without pain or the use of a cane during a November 18, 2005 physical examination.⁴ (See id. ¶ 14; id., Ex. B, p. 3). Defendant also contends, "During a diagnostic physical exam and periodic exam on February 16, 2004, and January 13, 2005, respectively, there is [sic] no indication of back injuries. Likewise, no succeeding period physical exam includes such a notation." (Id., Alston Aff., ¶ 15). Defendant maintains that, during a September 19, 2006 foot examination, Plaintiff exhibited "no indication for a soft shoe profile." (Id. ¶ 16). In this regard, Defendant submits, "[D]uring [Plaintiff's] last annual physical examination in

---

³Defendant submits, "A medical profile is an instrument to define the functional capability of inmates . . . . It includes the inmate's capabilities as well as his limitations." (Doc. no. 13, Alston Aff., ¶ 12 & Ex. A, p. 2). Defendant explains, "All inmates are medically classified and profiled according to their functional status following the diagnostic reception process and whether the functional status of the inmate changes or previous profiles expires, in accordance with the Georgia Department of Corrections Standard Operating Procedures . . . ." (Doc. no. 13, Alston Aff, ¶ 11 & Ex. A, p. 1).

⁴Plaintiff's medical records indicate that, after complaining about knee pain on December 14, 2004, the treating nurse noted no signs of distress. (Doc. no. 13, Ex. B, p. 1). Plaintiff's medical records also indicate that, after complaining about knee pain on August 11, 2005, Plaintiff was prescribed a walking cane for sixty (60) days. (Id. at 3).

January, 2007, there [were] no comments made regarding bone spurs and there are no previous foot x-rays in the chart. Thus, there is no documentation to suggest a medical problem with bone spurs." (Id. ¶ 16). Defendant explains that, because review of Plaintiff's medical records indicated that his "soft-shoe" and "long-standing" profiles were not medically warranted, both were discontinued. (Id. ¶ 17).

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Applicable substantive law identifies which facts are material in a given case.[5] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When seeking summary judgment, the movant must show, by reference to materials on file, that there are no genuine issues of material fact to be decided at a trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). If the burden of proof at trial rests with the <u>movant</u>, to prevail at the summary judgment stage, the movant must show that, "on all the essential elements of its case . . . , no reasonable jury could find for the nonmoving party." Four Parcels of Real Prop., 941 F.2d at 1438. On the other hand, if the <u>non-moving</u> party has the burden of proof at trial, the movant may prevail at the summary judgment stage either by negating an essential element of the non-moving party's claim or by pointing to

---

[5]The Court is mindful that for purposes of summary judgment, only disputes about material facts are important. That is, "[t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1244 (11th Cir. 2003) (citation omitted).

4

specific portions of the record that demonstrate the non-moving party's inability to meet its burden of proof at trial. Clark, 929 F.2d at 606-08 (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). Merely stating that the non-moving party cannot meet its burden at trial is not sufficient. Id. at 608. Evidence presented by the movant is viewed in the light most favorable to the non-moving party. Adickes, 398 U.S. at 157.

If the moving party carries the initial burden, then the burden shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark, 929 F.2d at 608. The non-moving party cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981). Rather, the non-moving party must respond either by affidavits or as otherwise provided in Fed. R. Civ. P. 56. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255 (quoting Adickes, 398 U.S. at 158-59). A genuine issue of material fact is said to exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

**B.  Merits of Plaintiff's Claims**

Bearing the above standard in mind, Defendant is entitled to summary judgment. To survive Defendant's motion for summary judgment, Plaintiff must produce evidence from which a reasonable jury could conclude: (1) that Plaintiff had an objectively serious medical need, (2) that Defendant acted with deliberate indifference to that need, and (3) that Plaintiff's injury was caused by the Defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007) (citations omitted). Although the parties agree that

Plaintiff had knee surgery in December 2004, multiple "medical profiles," and a Benadryl prescription when he arrived at JSP (doc. no. 1, p. 5; doc. no. 13, Alston's Aff., ¶ 9-10 & 14), the Court need not determine, when addressing the merits of the instant motion, whether Plaintiff had an objectively serious medical need because he has not shown that Defendant acted with deliberate indifference.[6]

To show that Defendant was deliberately indifferent, Plaintiff must prove three things: (1) Defendant was subjectively aware of a serious risk to his health, (2) Defendant disregarded that risk, and (3) Defendant followed a course of action that was "more than gross negligence." Id. at 1326-27 (citing Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005) (*per curiam*)). In addition, the prisoner plaintiff seeking to show that a delay in medical treatment amounted to deliberate indifference "must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1188 (11th Cir.1994), *abrogated in part on other grounds by* Hope v. Pelzer, 536 U.S. 730, 739 n.9 (2002)); see also Farrow v. West, 320 F.3d 1235, 1244 n.12 (11th Cir. 2003) ("In Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2508, 153 L.Ed.2d 666 (2002), the Supreme Court criticized part of the qualified immunity analysis in Hill, but not Hill's analysis of what constitutes a serious medical need of prisoners.").

Under this standard, Plaintiff's claims against Defendant fail as a matter of law. As an initial matter, the Court will address Defendant's decision not to prescribe Benadryl. In this regard, to the extent Plaintiff avers that Defendant's treatment of his allergies was

---

[6]The Court notes that Defendant argues that Plaintiff did not have a "serious medical need." (Doc. no. 13, Def.'s Br., pp. 11-14).

6

deficient, he has provided the Court with no evidence in support of this conclusory allegation. Rather, the record demonstrates that Defendant simply exercised professional medical judgment--at no time did she ignore Plaintiff's medical need. Upon arrival at JSP, Plaintiff received immediate and appropriate care in response to his complaints about his sinuses. Indeed, Defendant provided Plaintiff with Decadron Nasal Spray, Saline Nasal Spray, and Tussin Cough Syrup. (Doc. no. 13, Alston Aff., ¶ 8). Furthermore, based on her medical diagnosis, Defendant provided Plaintiff with an antihistamine. (Id.). Plaintiff's singular complaint concerning the treatment of his alleged allergies is that Defendant refused to prescribe Benadryl.

Given these facts, nothing in the record supports the conclusion that Defendant subjectively knew about a risk of serious harm to Plaintiff, disregarded that risk, or provided inadequate medical treatment, let alone that Defendant followed a course of action that was "more than gross negligence." Plaintiff does not aver that he did not receive medical treatment for his allergies, but rather that Defendant acted with deliberate indifference when she refused to prescribe Benadryl. However, the burden of proving deliberate indifference cannot be met simply by arguing that an inmate desired a different treatment. Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) ("Where a prisoner has received . . . medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments . . . ." (citation omitted)).

Furthermore, the Court underscores that "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow, 320 F.3d at 1243 (internal quotation and citation omitted). Indeed, the Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the

7

best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). Assuming, *arguendo*, that Defendant's course of treatment was somehow deficient or differed from the treatment plan other caregivers would have pursued, or that Plaintiff would have preferred, these assertions alone are insufficient to generate a dispute of material fact regarding whether Defendant was deliberately indifferent to Plaintiff's medical need. Simply put, differences in opinion between prison medical officials and the inmate as to the latter's course of treatment fall well short of establishing deliberate indifference. See Harris, 941 F.2d at 1505; Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989).

Next, the Court turns its attention to Defendant's decision not to renew Plaintiff's "soft-shoe" or "long-standing" "medical profiles." Again, Plaintiff has provided the Court with no evidence either in support of his conclusory allegations concerning his physical condition or from which to infer that he suffered any detrimental effects associated with the decision to discontinue these "medical profiles." Indeed, Plaintiff does not aver that he suffered any additional injuries as a result of Defendant's refusal to renew these "medical profiles." Even assuming, *arguendo*, that Plaintiff suffered detrimental effects or was injured as a result of a negligent decision discontinue these "medical profiles," allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505. As the Supreme Court has explained:

> [A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a

8

> constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle, 429 U.S. at 105-06.

Here, the record demonstrates that Defendant simply exercised professional medical judgment when deciding to discontinue Plaintiff's "soft-shoe" and "long-standing" "medical profiles"--at no time did she subjectively know about a risk of serious harm to Plaintiff or disregard that risk. After Plaintiff arrived at JSP, Defendant reviewed his medical records, in accordance with Georgia Department of Corrections Standard Operating Procedure (doc. no. 13, Ex. A), to medically classify and profile Plaintiff's functional status. (Id., Alston Aff., ¶¶ 10 & 17). Although Plaintiff underwent knee surgery in December 2004 and was prescribed a walking cane in August 2005 (id., Ex. B, pp. 1-2), the record demonstrates that Plaintiff was able to easily walk without pain or the use of a cane during a November 2005 physical examination. (Id. at 3). Assuming, *arguendo*, Defendant's decision to discontinue the contested "medical profiles" turned out to be incorrect, there is no evidence from which to suppose that Defendant subjectively knew of a risk of serious harm to Plaintiff, disregarded that risk, or followed a course of action that was negligent, let alone "more than gross negligence." As the Supreme Court has explained, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." Farmer v. Brennan, 511 U.S. 825, 838 (1994).

In sum, Plaintiff has provided the Court with no verifying medical evidence in support of his conclusory allegations concerning his physical condition or the treatment Defendant afforded while incarcerated at JSP. Rather, Plaintiff has merely described dissatisfaction with the treatment of his alleged allergies and the discontinuance of his "soft-shoe" and "long-standing" "medical profiles." Therefore, viewing the evidence in the light most favorable to Plaintiff, the Court finds that there is no genuine issue as to any material fact related to his deliberate indifference claims. Accordingly, Defendant is entitled to judgment as a matter of law.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendant's motion for summary judgment be **GRANTED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Defendant.[7]

SO REPORTED and RECOMMENDED this 9th day of July, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[7] Defendant also argues that Plaintiff's official capacity claims are barred and that she is entitled to qualified immunity. (Doc. no. 13, Def.'s Br., pp. 9-11 & 17-21). However, the Court's conclusion that Defendant was not deliberately indifferent pretermits consideration of these arguments. See Cuvillier v. Rockdale County, 390 F.3d 1336, 1338 n.4 (11th Cir. 2004) (explaining that the availability of qualified and sovereign immunity defenses are "immaterial" when no underlying constitutional violation exists).